Zou v. Lynch

BIA
A079 629 714

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of August, two thousand sixteen.

PRESENT:
        JON O. NEWMAN,
        DENNIS JACOBS,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

JIANHUI ZOU, AKA YUAN HAO WENG, AKA
JIAN HUI ZOU,
        *Petitioner,*

        v.                                          15-462
                                                    NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:        Dehai Zhang, Flushing, New
                       York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; John S.
                       Hogan, Assistant Director; Laura
                       M.L. Maroldy, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jianhui Zou, a native and citizen of the People's Republic of China, seeks review of a January 27, 2015, decision of the BIA denying his motion to reopen his removal proceedings. *In re Jianhui Zou*, No. A079 629 714 (B.I.A. Jan. 27, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA did not abuse its discretion in denying Zou's motion as untimely. Zou's 2014 motion was filed more than 90 days after the immigration judge's final administrative order, which issued in 2012 following Zou's withdrawal of his applications for withholding of removal and relief under the Convention Against Torture. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.39. Zou identified no exception to that time limitation and relied solely on the BIA's authority to reopen his removal proceedings sua sponte.

Although the agency may reopen sua sponte outside the 90-day period, *see* 8 C.F.R. § 1003.2(a), we lack jurisdiction

2

to review that "entirely discretionary" decision, *Ali*, 448 F.3d at 518. And, although we may remand if the BIA "declined to exercise its sua sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), no such misperception occurred here. The BIA simply concluded that Zou did not demonstrate exceptional circumstances warranting reopening.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3